# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONZO SHEPPARD, | CASE NO. 1:10-cv-01716 LJO GSA PC |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO FILE SIGNED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| F. IGBINOSA, et al., | (ECF No. 1) |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Pleasant Valley State Prison, brings this civil rights action against the following officials: J. Yates, Warden at Pleasant Valley; F. Igbinosa, Chief Medical Officer at Pleasant Valley; Maria Kozol, health care provider at Pleasant Valley; Dr. Green, M.D., a physician at Pleasant Valley; R. Bond, a nurse at Pleasant Valley; Christopher Smith, a physician at Mule Creek State Prison. Plaintiff claims that defendants were deliberately indifferent to his serious medical needs. Plaintiff specifically alleges that defendants have refused to allow him to have needed hernia surgery.

A review of the complaint reveals that Plaintiff has failed to sign the complaint. Plaintiff's complaint must include the original signature of Plaintiff, appearing pro se. Federal Rule of Civil Procedure 11, Local Rule 131(b). The complaint should therefore be dismissed. The Court will grant Plaintiff thirty days in which to file a signed complaint. Plaintiff's failure to do so will result in dismissal of this action pursuant to Rule 11.

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall submit, within thirty days of the date of service of this order, a signed complaint, in compliance with Local Rule 131(b) and Federal Rule of Civil Procedure 131(b). Plaintiff's failure to comply with this order will result in dismissal of this action.

IT IS SO ORDERED.

**Dated:   April 2, 2012                    /s/ Gary S. Austin**

1                                              UNITED STATES MAGISTRATE JUDGE