# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONZO SHEPPARD, | CASE NO. 1:10-cv-01716 LJO GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| F. IGBINOSA, et al., | (ECF No. 1) |
| Defendants. | |

## Screening Order

**I. Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Claims

This action proceeds on the April 25, 2012, first amended complaint.[1] Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Corcoran State Prison. Plaintiff names the following individual defendants: F. Igbinosa; Maria Koziol; Dr. Green; Christopher Smith; James Yates; R. Bone. Plaintiff's statement of claim, in its entirety, is that "it took the prison several months to repair my hernia that I suffer pain refusing to repair my hernia on stomach."

### A.   Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

---

[1] Plaintiff failed to sign the original complaint. On April 25, 2012, Plaintiff filed a properly signed first amended complaint. The Court did not screen the original complaint.

1 Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a
2 purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused
3 by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay
4 in receiving medical treatment, the delay must have led to further harm in order for the prisoner to
5 make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely
6 v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

7 Here, the Court finds Plaintiff's allegations to be vague. Plaintiff sets forth generalized
8 allegations regarding his health care, and names individual defendants. To establish liability under
9 42 U.S.C. § 1983, "a plaintiff must plead that each government-official defendant, through the
10 official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662,
11 673 (2009). Even under a "deliberate indifference" theory of individual liability, Plaintiff must still
12 allege sufficient facts to plausibly establish the defendant's "knowledge of" and "acquiescence in"
13 the unconstitutional conduct of his subordinates. Starr v. Baca, 652 F.3d 1202, 1206-07 (9th Cir.
14 2011). Plaintiff's "bald" and "conclusory" allegations are insufficient to establish individual
15 liability under 42 U.S.C. § 1983. See Iqbal, 556 U.S. at 569-72.

16 Plaintiff need not, however, set forth legal arguments in support of his claims. In order to
17 hold an individual defendant liable, Plaintiff must name the individual defendant, describe where
18 that defendant is employed and in what capacity, and explain how that defendant acted under color
19 of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must
20 describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.
21 Plaintiff has failed to do so here.

22 **III.    Conclusion and Order**

23 The Court has screened Plaintiff's complaint and finds that it does not state any claims upon
24 which relief may be granted under section 1983. The Court will provide Plaintiff with the
25 opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.
26 Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not
27 change the nature of this suit by adding new, unrelated claims in his amended complaint. George,
28 507 F.3d at 607 (no "buckshot" complaints).

3

1  Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
2  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
3  <u>Hydrick</u>, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be
4  [sufficient] to raise a right to relief above the speculative level . . . ."  <u>Bell Atlantic Corp. v.
5  Twombly</u>, 550 U.S. 544, 554 (2007) (citations omitted).

6  Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
7  <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567
8  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
9  pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
10 complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814 F.2d at 567 (citing
11 to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at
12 1474.

13 Accordingly, based on the foregoing, it is HEREBY ORDERED that:

14 1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

15 2. The Clerk's Office shall send to Plaintiff a complaint form;

16 3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
17    amended complaint;

18 4. Plaintiff may not add any new, unrelated claims to this action via his amended
19    complaint and any attempt to do so will result in an order striking the amended
20    complaint; and

21 5. If Plaintiff fails to file an amended complaint, the Court will recommend that this
22    action be dismissed, with prejudice, for failure to state a claim.

25 IT IS SO ORDERED.

26 **Dated:   May 4, 2012**            /s/ **Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE