1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9  LONZO SHEPPARD,                              CASE NO. 1:10-cv-01716 LJO GSA PC

10              Plaintiff,                      ORDER DISMISSING SECOND AMENDED
                                                COMPLAINT, WITH LEAVE TO FILE THIRD
11      v.                                      AMENDED COMPLAINT WITHIN THIRTY
                                                DAYS
12  F. IGBINOSA, et al.,
                                                (ECF No. 16)
13              Defendants.
                                    /
14

15  **I.      Screening Requirement**

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action

17  pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant

18  to 28 U.S.C. § 636(b)(1).

19  **II.     Plaintiff's Claims**

20          This action proceeds on the May 10, 2012, second amended complaint.[1]  Plaintiff is an inmate

21  in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Corcoran

22  State Prison.  Plaintiff alleges that he has been denied treatment for his hernia, in violation of the

23  Eighth Amendment's prohibition on cruel and unusual punishment.

24          In the first amended complaint, Plaintiff named the following individual defendants: F.

25  Igbinosa; Maria Koziol; Dr. Green; Christopher Smith; James Yates; R. Bone.  Plaintiff's statement

26

27          [1]Plaintiff failed to sign the original complaint.  On April 25, 2012, Plaintiff filed a properly signed first
    amended complaint.  The Court did not screen the original complaint. Plaintiff filed a first amended complaint and
28  on May 4, 2012, an order was entered, dismissing the first amended complaint and granting Plaintiff leave to file a
    second amended complaint.

1

1    of claim in the first amended complaint, in its entirety, follows: "it took the prison several months

2    to repair my hernia that I suffer pain refusing to repair my hernia on stomach."

3    In the order dismissing the first amended complaint, the Court found Plaintiff's allegations

4    to be vague.  Plaintiff set forth generalized allegations regarding his health care, and named

5    individual defendants.  Plaintiff was specifically advised that to establish liability under 42 U.S.C.

6    § 1983, he "must plead that each government-official defendant, through the official's own individual

7    actions, has violated the Constitution."  Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009).  Plaintiff was

8    advised that even under a "deliberate indifference" theory of individual liability, he must still allege

9    sufficient facts to plausibly establish each defendant's "knowledge of" and "acquiescence in" the

10   unconstitutional conduct of his subordinates.  Starr v. Baca, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

11   The Court noted that Plaintiff's "bald" and "conclusory" allegations were insufficient to establish

12   individual liability under 42 U.S.C. § 1983.  See Iqbal, 556 U.S. at 569-72.  The first amended

13   complaint was therefore dismissed.

14   Plaintiff was further advised that in his second amended complaint, he need not  set forth

15   legal arguments in support of his claims.  Plaintiff was advised that in order to hold an individual

16   defendant liable, he must name the individual defendant, describe where that defendant is employed

17   and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff  was

18   directed to state clearly, in his own words, what happened.  Plaintiff was directed to describe what

19   each defendant, *by name*, did to harm Plaintiff.

20   In the second amended complaint, Plaintiff names as defendants "Felix Igbinosa, et al.,).

21   Plaintiff does not identify any other individual.  Further, Plaintiff identifies Felix Igbinosa as the

22   Warden at Mule Creek State Prison.  In the original complaint, Plaintiff identified Felix Igbinosa

23   as the Chief Medical Officer at Pleasant Valley State Prison.  The Court notes that Dr. Igbinosa is

24   named as a defendant in other actions in this court, in the capacity of Chief Medical Officer at

25   Pleasant Valley State Prison.

26   Plaintiff's statement of claim in the second amended complaint, in is entirety, follows:

27

28   Do to the warden refusing my surgery on by stomack [sic], in which

1
2
3

my hernia was hanging out of my stomack.  The warden and his staff violation was my rights by the doctor placing four fingers into my stomack while it was open and my guts stuck out the institution know that this surgery must be done but they refuse me help, and this went on for a year.

4    Plaintiff is again advised that an amended complaint supercedes the prior complaint, and

5    must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.

6    The second amended complaint fails to identify any individual defendants that were personally

7    involved in Plaintiff's health care.  Plaintiff appears to wrongly identify Dr. Igbinosa as the Warden

8    and Mule Creek State Prison, and charges "the institution" with knowing and disregarding Plaintiff's

9    need for hernia surgery.  Although Plaintiff refers to a doctor, he fails to identify that individual.

10    The Court will provide Plaintiff with **one** final opportunity to file a third amended complaint

11    that cures the defects identified in this order and the order dismissing the first amended complaint.

12    Plaintiff is again directed to state clearly, in his own words, what happened.  Plaintiff is directed to

13    describe what each defendant, *by name*, did to harm Plaintiff.   Plaintiff's failure to do so will result

14    in a recommendation that this action be dismissed for failure to state a claim upon which relief may

15    be granted.

16    **III.    Conclusion and Order**

17    The Court has screened Plaintiff's second amended complaint and finds that it does not state

18    any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff

19    with the opportunity to file a third amended complaint curing the deficiencies identified by the Court

20    in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that

21    he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

22    George, 507 F.3d at 607 (no "buckshot" complaints).

23    Plaintiff is again cautioned that the third amended complaint supercedes all prior complaints,

24    Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

25    (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

26    pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

27    complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing

28    to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

1  1474.

2     Accordingly, based on the foregoing, it is HEREBY ORDERED that:

3   1.     Plaintiff's second amended complaint is dismissed, with leave to amend, for failure
4          to state a claim;

5   2.     The Clerk's Office shall send to Plaintiff a complaint form;

6   3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a
7          third amended complaint;

8   4.     Plaintiff may not add any new, unrelated claims to this action via his amended
9          complaint and any attempt to do so will result in an order striking the amended
10         complaint; and

11  5.     If Plaintiff fails to file a third amended complaint, the Court will recommend that this
12         action be dismissed, with prejudice, for failure to state a claim.

13

14

15  IT IS SO ORDERED.

16  **Dated:**   **June 25, 2012**              **/s/ Gary S. Austin**
17                                    UNITED STATES MAGISTRATE JUDGE

4