# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONZO SHEPPARD,<br><br>             Plaintiff,<br><br>    v.<br><br>F. IGBINOSA, et al.,<br><br>             Defendants. | CASE NO. 1:10-cv-01716 LJO GSA PC<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT, WITH LEAVE TO FILE THIRD AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(ECF No. 16) |

## I.  Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

## II. Plaintiff's Claims

This action proceeds on the May 10, 2012, second amended complaint.[1] Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Corcoran State Prison. Plaintiff alleges that he has been denied treatment for his hernia, in violation of the Eighth Amendment's prohibition on cruel and unusual punishment.

In the first amended complaint, Plaintiff named the following individual defendants: F. Igbinosa; Maria Koziol; Dr. Green; Christopher Smith; James Yates; R. Bone. Plaintiff's statement

---

[1] Plaintiff failed to sign the original complaint. On April 25, 2012, Plaintiff filed a properly signed first amended complaint. The Court did not screen the original complaint. Plaintiff filed a first amended complaint and on May 4, 2012, an order was entered, dismissing the first amended complaint and granting Plaintiff leave to file a second amended complaint.

1

1  of claim in the first amended complaint, in its entirety, follows: "it took the prison several months
2  to repair my hernia that I suffer pain refusing to repair my hernia on stomach."

3      In the order dismissing the first amended complaint, the Court found Plaintiff's allegations
4  to be vague.  Plaintiff set forth generalized allegations regarding his health care, and named
5  individual defendants.  Plaintiff was specifically advised that to establish liability under 42 U.S.C.
6  § 1983, he "must plead that each government-official defendant, through the official's own individual
7  actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009).  Plaintiff was
8  advised that even under a "deliberate indifference" theory of individual liability, he must still allege
9  sufficient facts to plausibly establish each defendant's "knowledge of" and "acquiescence in" the
10 unconstitutional conduct of his subordinates.  Starr v. Baca, 652 F.3d 1202, 1206-07 (9th Cir. 2011).
11  The Court noted that Plaintiff's "bald" and "conclusory" allegations were insufficient to establish
12 individual liability under 42 U.S.C. § 1983.  See Iqbal, 556 U.S. at 569-72.  The first amended
13 complaint was therefore dismissed.

14     Plaintiff was further advised that in his second amended complaint, he need not set forth
15 legal arguments in support of his claims.  Plaintiff was advised that in order to hold an individual
16 defendant liable, he must name the individual defendant, describe where that defendant is employed
17 and in what capacity, and explain how that defendant acted under color of state law.  Plaintiff was
18 directed to state clearly, in his own words, what happened.  Plaintiff was directed to describe what
19 each defendant, *by name*, did to harm Plaintiff.

20     In the second amended complaint, Plaintiff names as defendants "Felix Igbinosa, et al.,).
21 Plaintiff does not identify any other individual.  Further, Plaintiff identifies Felix Igbinosa as the
22 Warden at Mule Creek State Prison.  In the original complaint, Plaintiff identified Felix Igbinosa
23 as the Chief Medical Officer at Pleasant Valley State Prison.  The Court notes that Dr. Igbinosa is
24 named as a defendant in other actions in this court, in the capacity of Chief Medical Officer at
25 Pleasant Valley State Prison.

26     Plaintiff's statement of claim in the second amended complaint, in is entirety, follows:
27
28     Do to the warden refusing my surgery on by stomack [sic], in which

1
2
3

>    my hernia was hanging out of my stomach.  The warden and his staff violation was my rights by the doctor placing four fingers into my stomach while it was open and my guts stuck out the institution know that this surgery must be done but they refuse me help, and this went on for a year.

Plaintiff is again advised that an amended complaint supercedes the prior complaint, and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. The second amended complaint fails to identify any individual defendants that were personally involved in Plaintiff's health care. Plaintiff appears to wrongly identify Dr. Igbinosa as the Warden and Mule Creek State Prison, and charges "the institution" with knowing and disregarding Plaintiff's need for hernia surgery.  Although Plaintiff refers to a doctor, he fails to identify that individual.

The Court will provide Plaintiff with **one** final opportunity to file a third amended complaint that cures the defects identified in this order and the order dismissing the first amended complaint. Plaintiff is again directed to state clearly, in his own words, what happened. Plaintiff is directed to describe what each defendant, *by name*, did to harm Plaintiff.   Plaintiff's failure to do so will result in a recommendation that this action be dismissed for failure to state a claim upon which relief may be granted.

### III.    Conclusion and Order

The Court has screened Plaintiff's second amended complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file a third amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff is again cautioned that the third amended complaint supercedes all prior complaints, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file a third amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   June 25, 2012                      /s/ **Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE