IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONZO SHEPPARD,<br><br>             Plaintiff,<br><br>      vs.<br><br>FELIX IGBINOSA, et al.,<br><br>             Defendants.<br>_____/ | 1:10-cv-01716-LJO-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>( #24) |

On November 8, 2012, Plaintiff filed a motion seeking the appointment of counsel. This is Plaintiff's third motion for appointment of counsel within two months. Plaintiff's circumstances have not changed, and the motion shall again be denied.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success

1 of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the
2 complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

3   The court does not find the required exceptional circumstances in this case. At this early
4 stage of the proceedings, the court cannot make a determination that Plaintiff is likely to succeed
5 on the merits. Plaintiff has filed three complaints in this action without stating a cognizable claim,
6 and Plaintiff's Third Amended Complaint, filed on July 9, 2012, awaits the court's requisite
7 screening. Based on cursory review of the Third Amended Complaint, the court does not find that
8 plaintiff cannot adequately articulate his claims. Moreover, Plaintiff's claim – that he was denied
9 adequate medical treatment – is not complex, and the court is faced with similar cases almost daily.
10 Therefore, Plaintiff's motion shall be denied, without prejudice to renewal of the motion at a later
11 stage of the proceedings.

12   For the foregoing reasons, Plaintiff's motion for the appointment of counsel, filed on
13 November 8, 2012, is HEREBY DENIED, without prejudice.

14   IT IS SO ORDERED.

15  **Dated:**  **November 15, 2012**     **/s/ Gary S. Austin**
                   UNITED STATES MAGISTRATE JUDGE