UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONZO SHEPPARD,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>FELIX IGBINOSA, et al.,<br><br>　　　　　Defendants. | 1:10-cv-01716-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (Doc. 19.)<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I.　BACKGROUND**

Lonzo Sheppard ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 20, 2010. (Doc. 1.) On April 25, 2012, Plaintiff filed the First Amended Complaint. (Doc. 13.) On May 4, 2012, the Court dismissed the First Amended Complaint for failure to state a claim, with leave to amend. (Doc. 14.) On May 10, 2012, Plaintiff filed the Second Amended Complaint. (Doc. 16.) On June 25, 2012, the Court dismissed the Second Amended Complaint for failure to state a claim, with leave to amend. (Doc. 18.) On July 9, 2012, Plaintiff filed the Third Amended Complaint, which is now before the Court for screening. (Doc. 19.)

**II.　SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

**III.    SUMMARY OF THIRD AMENDED COMPLAINT**

Plaintiff is presently incarcerated at Corcoran State Prison in Corcoran, California.  The events at issue in the Third Amended Complaint occurred at Mule Creek State Prison (MCSP) in Ione, California, and Pleasant Valley State Prison (PVSP) in Coalinga, California, when Plaintiff was incarcerated at those two facilities. Plaintiff names as defendants Felix Igbinosa (Chief Medical Officer-PVSP), Maria Koziol (Health Care Provider-PVSP), Dr. Green (PVSP), Dr. Christopher Smith (MCSP), James Yates (Warden-PVSP), and R. Bond (R.N.-PVSP).  Plaintiff's factual allegations follow.

Defendant Dr. Igbinosa delayed Plaintiff's hernia surgery for months, while Plaintiff was suffering great pain.  Defendant Maria Koziol denied Plaintiff urgent health care and labeled his serious hernia condition as routine, even though Plaintiff complained of daily pain. Defendant Dr. Green denied Plaintiff pain medication and stopped his medication, although he knew that Plaintiff suffered great pain from his hernia condition.  Defendant Dr. Smith denied Plaintiff surgery to repair his hernia, when he knew Plaintiff suffered great pain.  Defendant Yates forced Plaintiff to work while suffering from his hernia condition, and Plaintiff then fell during work from a hernia injury.  Defendant Bond refused to process Plaintiff's 602 appeal as an emergency appeal, even though Plaintiff claimed he was in great pain.

Plaintiff requests monetary damages and injunctive relief (surgery).

## IV.  PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  "The

1 requisite causal connection can be established not only by some kind of direct, personal
2 participation in the deprivation, but also by setting in motion a series of acts by others which
3 the actors knows or reasonably should know would cause others to inflict the constitutional
4 injury." Id. at 743-44).

### A.      Medical Claim – Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but

was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff alleges he suffered great pain while awaiting surgery for a hernia condition, which constitutes a serious medical need. Plaintiff alleges that even though he suffered great pain, Dr. Smith denied his request for surgery in 2009; Warden Igbinosa forced him to work; Dr. Green denied him pain medication; defendant Bond refused to process his 602 appeal as an emergency appeal, and defendant Koziol denied him urgent health care and labeled his serious hernia condition as routine. Plaintiff has not alleged facts showing that any of the Defendants disregarded Plaintiff's pain, knowing there was an excessive risk of serious harm to Plaintiff's health. Plaintiff's conclusory language is not sufficient to state a claim against any of the Defendants for inadequate medical care under the Eighth Amendment. Therefore, this claim shall be dismissed.

### B.     Appeals Process

Plaintiff alleges that defendant Bond refused to process his 602 appeal as an emergency appeal, when Plaintiff claimed he was in great pain. Defendants actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.

1993) (citing <u>Azeez v. DeRobertis</u>, 568 F. Supp. 8, 10 (N.D.Ill. 1982)); <u>see also</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); <u>Massey v. Helman</u>, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." <u>Azeez</u>, 568 F. Supp. at 10; <u>Spencer v. Moore</u>, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983. <u>Buckley</u>, 997 F.2d at 495. Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his 602 inmate appeals. Therefore, this claim shall be dismissed.

## V.        CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's Third Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the Defendants. In this action, the Court previously granted Plaintiff two opportunities to amend the complaint, with ample guidance by the Court. Plaintiff has now filed four complaints without alleging facts against any of the Defendants which state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983, and that this dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may

file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 13, 2013**                                **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE